UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RYAN O'CONNELL, et al., )
                             )
           Plaintiffs, )
                             )
           v. )       No. 1:25-cv-01889-JRS-MJD
                             )
STATE FARM FIRE AND CASUALTY )
COMPANY, )
                             )
           Defendant. )

**ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT**

Plaintiffs Ryan and Lauren O'Connell have filed a Motion to Amend the Complaint.

[Dkt. 38.]  For the reasons explained below, the motion is **GRANTED**.

### I. Background

This case was filed in state court and then removed to federal court in September 2025.

[Dkt. 1.]  The Complaint alleges that Defendant State Farm Fire & Casualty Co. issued a bad

faith denial of Plaintiffs' insurance claim for hail damage to their roof, stating that the hail

damage was caused by wear and tear and therefore not covered by their policy.  [Dkt. 1-3.]

The November 5, 2025 Case Management Plan ordered the Parties to seek leave to

amend the pleadings by December 15, 2025.  [Dkt. 14 at 2.]  Plaintiffs served Defendant with

their first set of written discovery requests on November 7, 2025.  [Dkts. 41-1, 41-2.]

Defendant's discovery response deadline was December 7, 2025, which would have been eight

days before the deadline to amend the pleadings.  Fed. R. Civ. P. 34(b)(2)(A).  However,

Defendant received multiple extensions of time and did not serve its discovery responses until

January 28, 2026, which was more than six weeks after the deadline to amend had expired.

[Dkts. 24, 41-3.]

Plaintiffs allege that Defendant's discovery responses show that its own contractor and adjuster determined that the damage at issue in this lawsuit was caused by hail. [Dkts. 38-1 to 38-3.] This information caused Plaintiffs to look into Defendant's general pattern of claims investigations, at which point they obtained a deposition transcript from a case in the Western District of Oklahoma ("Lanier Deposition"). [Dkt. 38-5.] Plaintiffs allege that the Lanier Deposition shows that Defendant has a widespread practice of fraudulently denying insurance claims arising from hail damage. [Dkt. 38 at 4-6.] Plaintiffs also discovered an internal email chain from the company that Defendant contracted to inspect their roof ("Seek Now Email"). [Dkt. 38-6 at 5-6.] The Seek Now Email, allegedly directed the company's claims investigators to discount hail as the cause of roof damage in order to retain Defendant as a high-volume client.[1] *Id.*

Plaintiffs moved to amend the complaint on April 2, 2026. [Dkt. 38.] The proposed amended complaint incorporates allegations from Defendant's discovery responses, the Lanier Deposition, and the Seek Now Email and add claims for Civil Fraud and Conspiracy to Commit Fraud, Criminal Fraud / Crime Victims Relief Act, and Racketeer-Influenced and Corrupt Organizations Act ("RICO") violations. [Dkt. 38-6 at 5-6, 14-15, 17-25.]

## II. Legal Standard

Ordinarily, courts freely grant motions to amend the complaint "when justice so requires," absent a showing of circumstances such as undue delay, bad faith, dilatory motive,

---

[1] It is not clear how or precisely when Plaintiffs discovered the Lanier Deposition or the Seek Now Email, though it appears they discovered these documents sometime after receiving Defendant's discovery responses on January 28, 2026. Defendant states that the Seek Now Email was publicly available due to its inclusion in an article posted to an industry blog on December 8, 2023, and that the Lanier deposition "presumably" could have been obtained before Plaintiffs filed their complaint because "the deposition took place in 2022." [Dkts. 41 at 5-6.] Plaintiffs argue they "had no reason" to look into Defendant's claims investigations practices generally "until receipt of the claim file in discovery which acknowledged hail bruising to the roof[.]" [Dkt. 47 at 2.]

repeated failures to cure deficiencies, undue prejudice to the opposing party, or futility. Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). In this case, the deadline to seek leave to amend the complaint expired before Plaintiffs filed their motion, so Plaintiffs must additionally show "good cause" for the belated filing. Fed. R. Civ. P. 16(b)(4). "The central consideration in assessing whether good cause exists is the diligence of the party seeking to amend." *Allen v. Brown Advisory*, LLC, 41 F.4th 843, 852, 853 (7th Cir. 2022).

### III. Discussion

Defendant opposes Plaintiff's motion because the deadline to seek leave to amend the pleadings had already expired before the motion was filed. [Dkt. 41.] They further argue that Plaintiffs have not shown good cause to amend their complaint after that deadline had already expired and more than two months after receiving Defendant's discovery responses. *Id.* at 5. Defendant believes it will be prejudiced if the amendment is permitted because the "amendment will drive the litigation in a new direction" and involve the claims of "numerous Indiana consumers" in addition to Plaintiffs.[2] *Id.* at 4, 6.

Plaintiffs argue that they could not have met the heightened pleading standard for fraud under Federal Rule of Civil Procedure 9(b) until they obtained Defendant's discovery responses, which due to Defendant's own delays were not produced until six weeks after the deadline to seek leave to amend had already passed. [Dkt. 47 at 1.] Plaintiffs further argue that those discovery responses led them to look into Defendant's claims investigations practices more generally, at which point they obtained the Lanier Deposition and the Seek Now Email, both of which they incorporate in their proposed amended complaint. *Id.* at 1-2. They dispute that

---

[2] Defendant characterizes Plaintiffs' fraud allegations as "unfounded and unsupported by any evidence." [Dkt. 41 at 6.] Defendant does not raise a futility challenge to the amendment, but they do reserve the right "to challenge whether the new claims in the proposed amended complaint meet the pleading requirements."

Defendant will be prejudiced by the amendment, noting that the new fraud claims relate to the allegations in the original pleading, and pointing out that no depositions have been taken, discovery remains open, and no experts have been disclosed. *Id.* at 6. They also make clear that the amendment seeks only to bring claims on their own behalf on not on behalf of "the claims of others." *Id.* Plaintiff has not previously sought leave to amend the complaint, and Defendant does not argue that the amendment would be futile.

Having reviewed the Parties' briefs and relevant portions of the record, the Court finds that the amendment should be granted. It was Defendant's own delay in responding to discovery that caused the deadline to amend to lapse. The Court will not reward Defendant for slow walking its discovery responses or punish Plaintiffs for collegially agreeing to Defendant's requests for extensions.

The Court does not find that Defendant will be prejudiced by the amendment. The proposed amended complaint does not seek to bring claims on behalf of "numerous Indiana consumers," as Defendant argues; it quite clearly brings claims only on behalf of the two Plaintiffs themselves. [Dkt. 38-6.] The conspiracy claims may expand the scope of this litigation in some respects, but at this time discovery remains open, the dispositive motion deadline is more than four months away, and there is no indication that the amendment will require duplicative depositions or unreasonable litigation costs. [Dkt. 14 at 5.]

The Court agrees that Plaintiffs could have been more diligent in seeking leave to amend. A better practice would have been to request an extension of the deadline to amend once there was an indication of a viable fraud claim, rather than waiting another two months to look into Defendant's claims investigations practices before filing a proposed amended complaint. The Court emphasizes that waiting more than two months to seek leave to amend will not be

permissible in many cases, and a litigant who takes that approach does so at their own peril. But in this case, the Court exercises is discretion to permit the amendment given the totality of the circumstances described above. Accordingly, Plaintiffs' Motion to Amend the Complaint is **GRANTED**.

### IV. Conclusion

For the reasons explained above, Plaintiffs' Motion to Amend the Complaint is **GRANTED**. [Dkt. 38.] The **Clerk is directed** to docket the proposed amended complaint, [dkt. 38-6], as the Amended Complaint. Defendant shall answer or otherwise respond to the Amended Complaint within **14 days of the date of this Order**. All deadlines set forth in the approved Case Management Plan, [dkt. 14], remain in effect.

The Court finds that oral argument on this motion is unnecessary; consequently, Plaintiffs' motion for oral argument on the motion [Dkt. 49] is **DENIED**.

SO ORDERED.

Dated:  30 APR 2026

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email